Robert E. Boone III (California Bar No. 132780)
reboone@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200

Daniel A. Crowe (*Pro Hac Vice*)
dacrowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

Erin A. Kelly (*Pro Hac Vice*)
erin.kelly@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, Suite 4100
Denver, CO  80203
Telephone:  (303) 861-7000
Facsimile:   (303) 866-0200

Attorneys for Defendants
AMP PLUS, INC. d/b/a Elco Lighting
and Elco Lighting, Inc.

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMP PLUS, INC., d/b/a ELCO LIGHTING, a California corporation; ELCO LIGHTING, INC., a California corporation,<br><br>　　　　Defendants. | Case No. 2:19-cv-4519-CAS-GJS<br><br>[Hon. Christina A. Snyder]<br><br>**DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE EXPERT DISCOVERY AND MOTION CUTOFF DEADLINES**<br><br>[PROPOSED ORDER SUBMITTED CONCURRENTLY HEREWITH] |

USA.602628683.2/REB

EX PARTE APPLICATION TO CONTINUE EXPERT DISCOVERY AND MOTION CUTOFF DATES

1  Defendant AMP Plus, Inc., d/b/a ELCO Lighting ("ELCO") hereby applies *ex parte* for an order continuing the December 7, 2020 expert discovery cutoff to allow DMF to depose ELCO's non-retained expert Saeed "Steve" Cohen on January 13, 2021, and extending the December 28, 2020 motion cutoff date for DMF to February 1, 2021.

Good cause exists for the requested order on the following grounds:

1. Governor Newsome's most recent COVID-19 lockdown order prevents Mr. Cohen's expert deposition to occur on December 7, 2020, via a remote video platform (such as Zoom), with Mr. Cohen and ELCO's counsel, Robert E. Boone III, being physically present in a large conference room at the Bryan Cave Leighton Paisner LLP ("Bryan Cave") offices in Santa Monica, in accordance with the parties' agreement regarding how that deposition would be conducted.

2. ELCO did not create the need for a continuance, and did not cause any delay. ELCO had planned to produce Mr. Cohen for deposition on December 7. However, late in the day on December 6, Bryan Cave decided to shut down its Santa Monica office due to the Governor's lockdown order, preventing Mr. Boone and Mr. Cohen from entering the office on December 7 as planned. Mr. Boone had no control over or advance notice of that decision. On December 6, shortly after learning about decision, Mr. Boone notified DMF's counsel about the situation. Physical exhibits and hard copies of documents pre-marked as exhibits by DMF, and materials Mr. Cohen planned to refer to during his testimony, are in Mr. Boone's office. The lockdown order currently is in effect through December 28, and Bryan Cave's Santa Monica office will be shut down during this time period.

3. ELCO has offered to produce Mr. Cohen for his expert deposition on January 13, 2020, which is the earliest day Mr. Boone is available to be in his office after the current end date of the lockdown order.

4. ELCO will be prejudiced if the requested relief is not granted. It is important for ELCO and Mr. Cohen for Mr. Boone to be physically present during

Mr. Cohen's deposition. English is not Mr. Cohen's first language, so Mr. Boone needs to be able to observe Mr. Cohen to make sure he appears to understand the questions asked. DMF intends to cross-examine Mr. Cohen using a variety of lengthy documents, as well as numerous physical exemplars of lighting products. Mr. Boone needs to be present to see first-hand his client's handling and observation of those exhibits, again to ensure that Mr. Cohen correctly understands the questions asked and is referencing the correct exhibit. Mr. Cohen also suffers from anxiety, and he will have less anxiety if Mr. Boone is physically present.

5.  DMF will not suffer any prejudice by the requested relief. The requested continuance is brief. The case deadlines can be extended. Even though the case is set for trial in April 2021, it is unlikely the case will actually go to trial at that time due to COVID-19 and the court's docket with more pressing matters. The amount at stake in this case is minimal – ELCO had less than $1,500 in sales of the accused products, so DMF will not be deprived of recovering a large sum of damages. ELCO stopped selling the accused products in 2019, shortly after the lawsuit was filed, so there is no alleged infringing conduct ongoing, and there is nothing to enjoin.

This application is based on the attached memorandum of points and authorities, and the Declaration of Robert E. Boone III.

Please take notice that pursuant to Local Rule 7-19, DMF shall have 48 hours from the date of delivery of this application to file and serve any opposition to this application.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

USA.602628683.2/REB

2

EX PARTE APPLICATION TO CONTINUE EXPERT DISCOVERY AND MOTION CUTOFF DATES

ELCO's counsel provided written and oral notice of this application to DMF's counsel on Monday, December 7, 2020, and ELCO's counsel met and conferred with DMF's counsel about the application on the same date. DMF will oppose the application.

Dated: December 7, 2020        **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Robert E. Boone III*
    Robert E. Boone III
Attorneys for Defendants
AMP PLUS, INC. d/b/a Elco Lighting and Elco Lighting, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant AMP Plus, Inc., d/b/a ELCO Lighting ("ELCO") hereby applies *ex parte* for an order continuing the December 7, 2020 expert discovery cutoff to allow DMF to depose ELCO's non-retained expert Saeed "Steve" Cohen on January 13, 2021, and extending the December 28, 2020 motion cutoff date for DMF to February 1, 2021.

There is good cause to grant the requested relief. ELCO did not cause the need for the requested relief. The culprit is COVID-19. The requested extension is brief. DMF will suffer no prejudice if the relief is granted. ELCO, by contrast, will be prejudiced if the relief is denied.

## II. STATEMENT OF FACTS

This Court graciously extended expert discovery and motion deadlines once before based on the parties' stipulation (*see* ECF Nos. 53-54), but the ever-changing, and now worsened, COVID-19 situation has again created the need for a brief extension. As the Court will recall, the parties previously agreed that Mr. Cohen's expert deposition would take place on December 7, 2020, specifically so that ELCO's counsel, Robert E. Boone III, could be physically present with Mr. Cohen during the deposition at the Bryan Cave Leighton Paisner LLP ("Bryan Cave") offices in Santa Monica, while the other participants would appear remotely via Zoom. *See* ECF No. 53.

Governor Newsome's most recent COVID-19 lockdown order prevents Mr. Cohen's expert deposition to occur on December 7, 2020 as contemplated. Mr. Cohen and Mr. Boone cannot be physically present in a large conference room at Bryan Cave's offices because Bryan Cave has shut down its offices due to the lockdown until at least December 28. Declaration of Robert E. Boone III ("Boone Decl.") ¶¶ 3-9.

/ / /

1  ELCO did not create the need for a continuance, and did not cause any delay. ELCO had planned to produce Mr. Cohen for deposition on December 7. On December 2, Mr. Boone drove back to Los Angeles from Park City, Utah, where he has been sheltering in place, for health reasons, since mid-November (and for most of 2020 since the pandemic began), specifically to attend Mr. Cohen's deposition on December 7. Boone Decl. ¶ 4. However, late in the day on December 6, Mr. Boone learned that Bryan Cave had just decided to shut down its office due to the Governor's lockdown order, preventing Mr. Boone and Mr. Cohen from entering the office on December 7 as planned. *Id.* ¶¶ 5-7. Mr. Boone had no control over or advance notice of that decision. On December 6, shortly after learning about decision, Mr. Boone notified DMF's counsel about the situation. *Id.* ¶ 8.

There are numerous items needed for Mr. Cohen's deposition that are in Mr. Boone's office and would not have been available for the deposition on December 7. These include physical exemplars of lighting products, hard copies of pre-marked documentary exhibits DMF requested that Mr. Cohen have with him during the deposition, and materials Mr. Cohen plans to refer to during his testimony. *Id.* ¶ 9.

ELCO has offered to produce Mr. Cohen for his expert deposition on January 13, 2020, which is the earliest day Mr. Boone is available to be in his office after the current end date of the lockdown order. *Id.* ¶ 10.

It is important for ELCO and Mr. Cohen for Mr. Boone to be physically present during Mr. Cohen's deposition, so that Mr. Boone can adequately represent his client. *Id.* ¶ 11. English is not Mr. Cohen's first language, so Mr. Boone needs to be able to observe Mr. Cohen to make sure he appears to understand the questions asked, particularly in light of the fact that DMF's attorneys have repeatedly claimed that Mr. Cohen is either not competent to testify or is being evasive. *Id.* ¶ 12. DMF intends to cross-examine Mr. Cohen using a variety of lengthy documents, as well as numerous physical exemplars of lighting products. *Id.* ¶ 13. Mr. Boone needs to be present to see first-hand his client's handling and observation of those exhibits,

again to ensure that Mr. Cohen correctly understands the questions asked and is referencing the correct exhibit. *Id.* Mr. Cohen also suffers from anxiety, and he will have less anxiety if Mr. Boone is physically present. *Id.* ¶ 14.

In the IPR proceeding, DMF insisted upon its counsel being physically present during the deposition of its retained expert James Benya. Mr. Benya's deposition was postponed twice, including at least one time because of COVID, so that DMF's counsel could be physically present with the witness. *Id.* ¶ 11.

## III. ARGUMENT

### A. There is Good Cause to Continue the Deadlines

Good cause exists for the requested relief because:

- Neither ELCO, Mr. Cohen nor ELCO's counsel created delay or the need for continuing the deadlines to allow Mr. Cohen's deposition to proceed as originally planned.
- It is important for Mr. Boone to be physically present with Mr. Cohen during his expert deposition, in order to observe Mr. Cohen under examination and to ensure the proper handling of exhibits. ELCO is requesting nothing more than what DMF insisted upon, and got, for its expert deposition in the IPR proceeding – that representing counsel be physically present.
- The continuance requested is brief.
- The case deadlines can be extended without any adverse impact. Even though the case is set for trial in April 2021, it is unlikely the case will actually go to trial at that time due to COVID-19 and the Court's docket with more pressing matters.

### B. DMF Will Not Suffer Any Prejudice by the Requested Relief

DMF will not suffer any prejudice by the requested relief. The requested continuance is short. DMF is not being deprived of a large damages recovery

because the amount at stake in this case is minimal – ELCO sold less than $1,500 of the accused products. Boone Decl. ¶ 16.

Nor is DMF suffering any ongoing injury that could be exacerbated by a delay, even a brief one. ELCO stopped selling the accused products in 2019, shortly after the lawsuit was filed. There is no ongoing alleged infringing conduct. There is nothing to enjoin. If DMF had thought there was sufficient grounds to seek a preliminary injunction, it would have sought such relief long ago. It never has.

### C. **DMF's Terms and Conditions for Stipulating to a Continuance Are Not Reasonable and/or Supported by Law**

When counsel met and conferred about this dispute, DMF's counsel indicated that DMF would agree to extending the deadlines but only if (*see* Exh. A to Boone Decl.):

- Mr. Cohen will be made available on a date certain (January 13), even if he is unable to enter Bryan Cave's offices, i.e., he will be deposed remotely by Zoom even if his attorney cannot be present with him at Bryan Cave or elsewhere.

- Expert and fact discovery is closed and finished except for this deposition, and ELCO will not use the delay or deposition to inject any new discovery or opinions not found in the four corners of Mr. Cohen's reports.

- ELCO will pay the cancellation fee for the court reporter's cancellation fee for not proceeding with the deposition on December 7.

- If Mr. Cohen is not made available for his expert deposition on the specified date, or effectively is not made available because he asserts that he is unable to give truthful and accurate testimony (e.g., due to illness, lack of sleep, or other issues), then ELCO cannot present expert testimony from Mr. Cohen in this case absent ELCO showing "good cause", which DMF believes should receive particular scrutiny given Mr. Cohen's alleged history in this case and others in avoiding his deposition responsibilities.

USA.602628683.2/REB 7
EX PARTE APPLICATION TO CONTINUE EXPERT DISCOVERY AND MOTION CUTOFF DATES

Imposition of all of these conditions is unreasonable and/or not supported by law, and they should not be adopted by this Court in ruling on this application.

First, ELCO will produce Mr. Cohen for deposition in January 2021, provided that Bryan Cave's office are open and Messrs. Cohen and Boone can enter the offices under the firm's then-applicable COVID-19 protocols. Indeed, ELCO and Mr. Boone made every effort to proceed with Mr. Cohen's deposition as planned on December 7. Unfortunately, that got derailed due to external factors. Given the lack of urgency for taking this case trial, there is no reason to impose draconian consequences on ELCO or Mr. Cohen for circumstances not within their control.

Second, DMF's position that ELCO must be bound by the "four corners of Mr. Cohen's [expert] reports" is not supportable under Federal Rule of Civil Procedure Rule 26. Mr. Cohen is a non-retained expert. He does not regularly provide expert testimony. Rule 26 did not require Mr. Cohen to prepare an expert report (and he did not prepare one). Furthermore, Rule 26(a)(2)(C)(i)-(ii) only required ELCO to disclose the subject matter on which Mr. Cohen is expected to testify and a summary of his expert testimony. ELCO did that. By contrast, Rule 26 requires much more (and different) information be disclosed from a retained expert. Rule 26(a)(2)(B) requires a retained expert to provide a written report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. Proc. 26(a)(2)(B)(i). In addition, DMF has not filed any motion alleging that ELCO's expert disclosure fails to satisfy Rule 26.

Third, ELCO should not be required to pay a cancellation fee for the deposition. The deposition could not proceed as planned due to the lockdown order forcing Bryan Cave to close its offices. Mr. Boone advised DMF's counsel on December 6, shortly after his firm made that decision, that the deposition could not go forward as planned. DMF insisted on proceeding and refused to cancel the court reporter.

Fourth, there is no basis to impose a heightened good cause requirement on ELCO to justify any and all reasons that might prevent Mr. Cohen's deposition from proceeding in January. Such a requirement is punitive in nature and not supported by law. Moreover, DMF's request is based on unsupported accusations against Mr. Cohen.

## IV.   CONCLUSION

For the foregoing reasons, ELCO requests this Court to grant this application and issue an order continuing the December 7, 2020 expert discovery cutoff to allow DMF to depose ELCO's non-retained expert Saeed "Steve" Cohen on January 13, 2021, and extending the December 28, 2020 motion cutoff date for DMF to February 1, 2021.

Dated:  December 7, 2020            **BRYAN CAVE LEIGHTON PAISNER LLP**

By:  */s/ Robert E. Boone III*
　　　Robert E. Boone III
Attorneys for Defendants
AMP PLUS, INC. d/b/a Elco Lighting and Elco Lighting, Inc.