Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California  91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA  22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>    Plaintiff,<br><br>        v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation,<br><br>    Defendants. | Case No.   2:19-CV-4519 CAS (GJSx)<br><br>**Plaintiff DMF's Opposition to Plaintiff ELCO's *Ex Parte* Application To Continue Expert Discovery And Motion Cutoff Dates**<br><br>Ctrm:  350 W. First. Street, Room 8D<br><br>Hon. Christina A. Snyder |

1  DMF respectfully requests that the Court deny ELCO's *ex parte* application. ELCO did not have good cause for failing to produce ELCO's designated expert witness (ELCO President Mr. Saeed "Steve" Cohen) for the remote videoconference deposition as Ordered by the Court.  Nor does ELCO establish good cause to again delay that deposition another month, which necessarily will require modifying the entire remaining case schedule <u>again</u> based on this single deposition months after all other discovery has been completed.

The issue presented is whether good cause exists for (1) ELCO's failure to comply with the Court's Order and (2) further delaying this remote videoconference deposition again based on ELCO's *preference* that its counsel and designated expert witness be in the same room for the remote videoconference deposition.  In order to keep the wheels of justice turning during this almost year-long extended time of COVID restrictions, courts now consider remote video depositions to be the "new normal" where defending counsel are not present.[1]  Moreover, the Court's Order (Dkt. 54) on the remote deposition was clear and unequivocal: **"Mr. Cohen shall be made available to be deposed on December 7, 2020"** without requiring that ELCO's counsel be physically present, rather than remotely.

ELCO has not shown good cause and DMF respectfully requests that the Court enter an Order that (1) ELCO produce Mr. Cohen for a remote videoconference deposition this coming Monday December 14; (2) ELCO pay the $1,490 costs imposed by the reporting company from Monday's scheduled videoconference and (3) the current schedule otherwise remain unaltered.

---

[1] *Hernandez v. Bobst Grp. N. Am., Inc.*, No. 1:19-cv-00882-, 2020 U.S. Dist. LEXIS 190610, at *5 n.1 (E.D. Cal. Oct. 14, 2020)("[d]ue to the COVID-19 pandemic, conducting depositions remotely has become the 'new normal.'")(collecting cases); *In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637, 2020 U.S. Dist. LEXIS 111420, 2020 WL 3469166, at *5 (N.D. Ill. June 25, 2020) ("Courts are beginning to recognize that a 'new normal' has taken hold throughout the country in the wake of the COVID-19 pandemic that may necessitate the taking of remote depositions unless litigation is going to come to an indefinite halt until there is a cure or a vaccine for COVID-19.")

### A. What's At Stake

ELCO (Dkt. 55 at ¶5) was not forthright about what is "at stake" here. Evidence obtained during discovery conflicts with ELCO's representation regarding the amount of infringing sales and whether they ceased all infringing activities in May 2019. Nonetheless, DMF offered to *forego any monetary award* and settle this matter by a consent judgment enjoining ELCO from all acts infringing the asserted design patents based on the ornamental appearance of the accused products.[2] But ELCO refused to settle.

ELCO erroneously argues that its alleged cessation of infringement moots injunctive relief.[3] This Court rejected that identical argument when entering the preliminary injunction against ELCO in the utility patent case, quoting Supreme Court precedent that "[a] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."[4] ELCO also failed to advise the Court that ELCO is now selling a new product having the same relevant ornamental appearance as the accused products.[5]

### B. Parties' Agreement Scheduling the December 7 Deposition.

ELCO misstates the parties' agreement in rescheduling Mr. Cohen's deposition to December 7. DMF never agreed that ELCO's counsel *must* be present with the witness for the deposition to proceed, particularly given ELCO's insistence that DMF's counsel could *not* be present (discussed below). Rather than burden the Court with motion practice to resolve the dispute (which would delay the deposition anyway as a practical matter), DMF agreed to a December 7 deposition. This gave ELCO's counsel the *possibility* to be physically present, but without *requiring* his

---

[2] Declaration of Ben M. Davidson submitted herewith ("Davidson Decl."), ¶2.

[3] ELCO Br. at 7.

[4] *DMF, Inc. v. Amp Plus, Inc.*, No. 2:18-cv-07090-CAS-GJSx, 2019 U.S. Dist. LEXIS 37831, at *10-12 (C.D. Cal. Mar. 7, 2019) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

[5] *See* dkt. 40-1 at 3-4 (DMF motion to compel).

physical presence for the remote deposition to proceed.  Thus the carefully worded operative end of the joint stipulation (Dkt. 53 at 2) with the actual agreed upon terms plainly state without limitation that "it is hereby agreed and stipulated by and between the parties … that the Court order that (a) … Mr. Cohen will be provided for his deposition on December 7, 2020."

### C. Online Video Deposition With Equal Access To The Witness

ELCO glosses over the fact that this is a **video**conference deposition hosted on a professional court reporter platform with well-known and ubiquitous "Zoom" technology used by courts, businesses and ordinary consumers.  Thus, contrary to its assertion, ELCO's counsel participating remotely can "see" and "hear" Mr. Cohen.

ELCO's complaint about being remote also rings hollow given ELCO's specious insistence that DMF's deposition counsel *must* be remote.[6]  Whether in-person or remote, ELCO's counsel can only make short non-substantive objections.  In contrast, DMF's counsel has the onerous task of substantively cross-examining this highly evasive witness where it is even more import to "see" and "hear" if Mr. Cohen "appears to understand the questions asked" and his "handling and observation" of exhibits.[7]

### D. Witnesses Comforted By Counsel's Presence

We do not know what ELCO means by its new and vague assertion that "Mr. Cohen also suffers from anxiety, and he will have less anxiety if Mr. Boone is physically present."[8]  All witnesses have anxiety about being deposed and may "have less anxiety if [their counsel] is physically present."

---

[6] ELCO asserts that (1) Mr. Cohen and ELCO's counsel do not want to "appear for Mr. Cohen's deposition at any location other than Bryan Cave's offices" given its COVID cleaning protocol and (2) Bryan Cave has chosen not to allow *any* opposing counsel into the building for any purpose. Boone Decl. (Dkt. 53) at ¶¶2-3 ("Mr. Boone's office is open only to employee's and clients …")

[7] ELCO Br. at 5-6.

[8] ELCO Br. at 6.

And ELCO does not allege or provide evidence that Mr. Cohen has some significantly heightened level of anxiety requiring special treatment over everyone else facing this new norm of remote depositions. And that is not likely. This is not a fact deposition forced onto a reluctant individual with the misfortune of having personal knowledge of relevant facts. Rather, this is an expert deposition of a witness experienced in litigation <u>who volunteered</u>—and whom ELCO <u>voluntarily proffered</u>—for the <u>specific purpose</u> of giving expert testimony subject to cross-examination at <u>both</u> deposition and trial.

Similarly, the fact that Mr. Cohen's first language is not English does not create an exceptional circumstance. Due to concerns regarding the Covid-19 virus, courts now are requiring witnesses who do not speak *any* English to be deposed remotely by video.[9] Here, Mr. Cohen is fluent in English. He has conducted business in English for more than three decades, gives depositions in English, and his expert disclosures here are in English.

### E. Delay Without End

ELCO's request contemplates no end to the delay it seeks here, stating that even a January 13 deposition only would proceed "provided that <u>Bryan Cave's</u> office are open and Messrs. Cohen and Boone can enter the offices under <u>the firm's</u> then-applicable COVID-19 protocols."[10] It goes without saying (but we will) that opposing counsel's law firm Bryan Cave cannot be given any control <u>whatsoever</u> of the proceedings in this case. ELCO's proposal is basically to "pencil in" a new case schedule that is subject to change based on the challenges of holding in-person

---

[9] *Impulsora De Marcas E Intangibles v. Dos Amigos*, No. 6:19-CV-00453-ADA-JCM, 2020 U.S. Dist. LEXIS 145434, at *5 (W.D. Tex. June 26, 2020)(" Defendant fails to explain why an in-person deposition would change Mr. Paoli's English comprehension skills"); *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-01570 (GBD)(SN), 2020 U.S. Dist. LEXIS 224721, at *252-53 (S.D.N.Y. Dec. 1, 2020)("To the extent remote interpreting services cause delays, the Court has already authorized extra time to complete depositions where interpreters are used, …and finds this allowance sufficient to cover remote circumstances as well.")

[10] ELCO Br. at 8.

meetings at Bryan Cave during the pandemic. That proposal flies in the face of the recognition of courts that holding depositions remotely is the "new normal."

### F. Deposition Exhibits

ELCO's alleged need for prior access to exhibits of "<u>numerous</u> items" and a "<u>variety</u> of <u>lengthy</u> documents" does not provide good cause here. Deposing counsel in modern remote videoconference depositions usually do not provide paper copies of exhibits prior to or during the deposition; rather, electronic documents are displayed to all online participants during the course of the deposition. DMF emailed to ELCO's counsel pre-stamped exhibits of some documents that DMF might discuss or reference during the deposition—*e.g.*, both parties' expert reports and exhibits cited therein—so that the witness could have paper copies with their respective exhibit numbers. But DMF did not have to do that. In any event, ELCO has numerous ways to obtain them right now.[11]

Further, ELCO's reference to "numerous items" are a few physical exhibits (*e.g.*, the ELCO accused products and three alleged prior art products) that are described/photographed in the expert reports that will be deposition exhibits. Bryan Cave also maintains staff at its Santa Monica office right now to receive mail and, if desired, ELCO could direct them to ship the exhibits to Mr. Cohen.

### G. No New Opinions

ELCO misunderstands DMF's concern regarding ELCO going beyond the four corners of Mr. Cohen's disclosures. When the parties met and conferred, DMF asked ELCO to confirm that it was not planning to use the delay in Mr. Cohen's deposition to disclose new defenses or opinions. ELCO was silent at the time, but its *ex parte* application at least now confirms that ELCO will rely only on Mr. Cohen's existing opinions as disclosed under Rule 26(a)(2)(C).[12]

---

[11] Other ELCO counsel of record in St. Louis and Denver are not subject to the California lock-down order. A Kinkos or other copy service can accept electronic copies of documents, then print and mail them.

[12] *See* ELCO Br. at 8.

### H. Court Reporter Costs

ELCO should pay for the reporter costs caused by ELCO refusing to produce Mr. Cohen for deposition December 7 as Ordered by the Court. ELCO, however, erroneously asserts that DMF should bear the court reporter cost because ELCO was not at fault for waiting until 7:10pm Pacific (10:10pm Eastern) on the eve of deposition to send an email that ELCO preferred not to go forward with Mr. Cohen's deposition the next day. This is meritless for several reasons.

First, the deposition was not automatically canceled by ELCO counsel's unilateral decree that "We thus cannot proceed with Mr. Cohen's deposition tomorrow."[13] DMF gets input and DMF did not agree that ELCO's counsel was required to be in the same room as the witness (DMF's counsel was remote).[14]

Second, it was not DMF's fault that ELCO failed to tell DMF sooner of its desire not to proceed. ELCO's counsel Mr. Boone's Declaration (Dkt. 55-1 ¶¶5-6) points blame to his own law firm Bryan Cave for not giving him "advance notice" and "just decid[ing]" late Sunday "to shut down its office."

Third, reporter costs were not avoidable. ELCO's counsel sent the email when it was 10:10 pm Eastern time where the court reporting service is based.[15]

### I. Equal Treatment

ELCO (Br. at 6) argues that there should be similar treatment here as in the rescheduling of DMF's expert deposition in the IPR. In the IPR, DMF asked to reschedule the expert's deposition set for June 15 by a few weeks because he was facing a serious medical issue.[16] ELCO objected and requested the PTAB to rule that the expert's testimony be stricken if he could not attend the rescheduled deposition for any reason. That deposition also was required to go forward

---

[13] Dkt. 55-1, Ex. A at 7.

[14] Dkt. 55-1, Ex. A at Page 5.

[15] Davidson Decl., ¶ 3.

[16] DMF's expert was diagnosed with a serious health condition that required immediate medical intervention with daily regiments and limited exertion over several weeks to treat the health threat and limit long term physical impairment.

regardless of whether COVID-19 restrictions precluded DMF's counsel from being physically present with the witness.

### J. January 13 Deposition

DMF opposes delaying the deposition beyond Monday of next week or modifying the current case schedule.

If the Court were to delay the remote videoconference deposition until January 13 (and correspondingly extend DMF's dispositive motion date to February 1, 2021), then DMF respectfully requests that the Court's Order include some protections.

First, the remote deposition will proceed on January 13 regardless of whether ELCO's counsel defending the deposition can be physically present in the same room as the witness.

Second, if ELCO's counsel and the witness are in the same room, then DMF's counsel taking the deposition cannot be barred from being in the room[17] (though all other participants including the court reporter must be remote).

Respectfully submitted,

Date: December 9, 2020

By: /s/ David W. Long
    David W. Long, Esq.

Ben M. Davidson
DAVIDSON LAW GROUP ALC

David W. Long
ERGONIQ LLC

*Attorneys for Plaintiff DMF Inc.*

---

[17] All three observing COVID-19 social distancing protocols such as wearing masks and being at least six feet apart at all times.