**BUCHALTER**
A Professional Corporation
J. Rick Taché (SBN: 195100)
Kari L. Barnes (SBN: 253640)
Roger L. Scott (SBN: 247165)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone:  949.760.1121
Facsimile:   949.720.0182
E-mail:     rtaché@buchalter.com
            kbarnes@buchalter.com
            rscott@buchalter.com

Attorneys for Defendants,
AMP Plus, Inc. doing business as
ELCO Lighting and ELCO Lighting, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMP PLUS, INC. d/b/a ELCO LIGHTING, a California Corporation; ELCO LIGHTING, INC., a California corporation;<br><br>Defendants. | Case No. 2:19-cv-4519-CAS-GJSx<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DEPOSITION OF SAEED "STEVE" COHEN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*(Declaration of Roger L. Scott and Proposed Order submitted concurrently herewith)*<br><br>Ctrm: 8D<br>Judge: Hon. Christina A. Snyder |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to L.R. 7-19 Defendants AMP Plus, Inc. and ELCO Lighting, Inc.'s (collectively "ELCO") herby apply *ex parte* to the Court for an order continuing the deposition of Saeed "Steve" Cohen (hereinafter "Mr. Cohen") from January 7, 2021 to January 21, 2021, and extending Plaintiff DMF, Inc.'s motion cut-off for two weeks thereafter.

This application is made on the grounds that shortly after the Court entered the parties' stipulation to set Mr. Cohen's deposition for January 7, 2021, Mr. Cohen tested positive for COVID-19 and has been advised by his doctor to rest and recover through January 18, 2021. *See* Declaration of Roger L. Scott ("Scott Decl."), ¶ 4.

This application is made on an *ex parte* basis because a noticed motion could not be heard prior to the current January 7, 2021 deposition date, and DMF has conditioned any continuance on the draconian remedy of excluding Mr. Cohen's testimony at trial if he does not recover by January 18, 2021 as currently anticipated. ELCO is not at fault for this crisis because it cannot control either Mr. Cohen's COVID diagnosis nor DMF's refusal to continue the deposition based on Mr. Cohen's documented health condition. Scott Decl. ¶ 6-7. ELCO is not at fault for the circumstances leading to this application. Neither ELCO nor Mr. Cohen could have predicted that Mr. Cohen would fall ill with COVID-19 and require a lengthier recovery than anticipated upon first contracting the virus. Scott Decl. ¶ 4.

**Notice:** Pursuant to Local Rule 7-19.1, notice of this ex parte application was given to DMF's counsel on January 6, 2021, and DMF's counsel has informed ELCO's counsel that it will oppose this application. Scott Decl., ¶ 11.

The name, address, telephone number, and email address of DMF's counsel is provided pursuant to Local Rule 7-19:

Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

Attorneys for Plaintiff DMF, INC.

    This Application is based upon this Application, the Memorandum of Points and Authorities in support hereof, the declaration of Roger L. Scott, the exhibits attached thereto, and the concurrently filed Proposed Order, and such other and further evidence and arguments as may be presented at the hearing on this Application.

DATED:  January 6, 2021       BUCHALTER
A Professional Corporation


By:  */s/ Roger L. Scott*

BUCHALTER
A Professional Corporation
J. Rick Taché
Kari L. Barnes
Roger L. Scott

Attorneys for Defendants
AMP Plus, Inc. doing business as ELCO Lighting and ELCO Lighting, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Just days after the Court entered the parties' stipulation to set the deposition of Saeed "Steve" Cohen for January 7, 2021, Mr. Cohen tested positive for COVID-19. While ELCO hoped that Mr. Cohen would recover quickly and be available to appear on January 7, 2021 as planned, he has not. Instead, Mr. Cohen's doctor advised him to rest and recover through January 18, 2021. Accordingly, ELCO moves ex parte to continue Mr. Cohen's deposition to January 21, 2020, with DMF's motion deadline continued two weeks thereafter, to February 4, 2021.

ELCO attempted to resolve this issue directly with DMF. DMF has provided no valid basis to oppose this application. Instead, DMF implied Mr. Cohen was faking his condition, and chastised ELCO's counsel for waiting to receive more information about Mr. Cohen's condition and expected recovery before agreeing to a new date schedule. DMF then insisted that it would only agree to continue Mr. Cohen's deposition if ELCO agreed that it would be prohibited from presenting Mr. Cohen's testimony at trial if he is medically unable to appear on January 21, 2020. This penalty is draconian given the unpredictable nature of COVID-19 recovery and that, if enforced, it would leave ELCO without an expert at trial.

ELCO understands that Mr. Cohen's deposition has been difficult to schedule, but neither ELCO nor Mr. Cohen could have foreseen that Mr. Cohen would, like thousands in the Los Angeles area in recent weeks, fall ill with COVID-19. ELCO should not be penalized based on the infirmity of its expert.[1]

---

[1] After ELCO had drafted and provided notice of this *ex parte* application, DMF agreed to "talk" about rescheduling Mr. Cohen's deposition. Should the parties reach an agreement, ELCO will withdraw this application.

## II. STATEMENT OF FACTS

On December 21, 2020, the Court entered the parties' stipulation to set the deposition of Saeed "Steve" Cohen on January 7, 2021, with DMF to file any motions two weeks thereafter on January 21, 2021. ECF No. 62.

Three days later, on December 24, 2020, Mr. Cohen went to his doctor because he was not feeling well, and took a COVID test. Declaration of Roger L. Scott ("Scott Decl."), ¶ 3, Ex. 1. A day later, Mr. Cohen received a positive diagnosis for COVID. *Id*. Mr. Cohen received a copy of his test results on December 29, 2020. *Id*.

On December 30, 2020, ELCO informed DMF of Mr. Cohen's diagnosis, and attached a copy of the test results. Scott Decl., ¶ 4, Ex. 2. ELCO explained that Mr. Cohen's doctor had advised him to rest, and it was unclear whether Mr. Cohen would remain available for deposition on January 7, 2020 as planned. *Id*. ELCO stated that it intended to let Mr. Cohen recover over the holiday weekend and would update DMF on Monday, January 4, 2021. *Id*. ELCO recognized that scheduling Mr. Cohen's deposition had been difficult, but asked for personal and professional courtesy given the situation. *Id*.

In response, DMF implied that Mr. Cohen was somehow faking his illness, calling him "the boy who cried wolf." Scott Decl., ¶ 5, Ex. 3. DMF demanded that ELCO produce Mr. Cohen on January 14, 2021, or else agree that it would be precluded from offering his expert testimony at trial. *Id*.

Understandably, ELCO disagreed. ELCO reiterated that Mr. Cohen's diagnosis was real (supported by test results provided to DMF), and that ELCO would update DMF after allowing Mr. Cohen to rest and recuperate for the weekend, in the hope that he would recover sufficiently to appear on January 7, 2020 as scheduled. Scott Decl., ¶ 6, Ex. 4. DMF asserted that it should not have to "wait-and-see" whether Mr. Cohen recovered from this potentially life-threatening illness before receiving an answer. *Id*., at Ex. 5.

On January 4, 2021, ELCO informed DMF that Mr. Cohen had not recovered and would not be able to appear for deposition on January 7, 2021. Scott Decl., ¶ 7 Ex. 6. ELCO explained that, due to the unpredictability of Mr. Cohen's recovery, it could not agree to a January 14, 2021 deposition, or to any preclusive effect should Mr. Cohen not recover in a timely fashion. *Id*.

ELCO suggested a January 21, 2021 deposition, with DMF to file any motions two weeks thereafter as previously agreed. *Id*. In the alternative, ELCO suggested that DMF could file its motions without Mr. Cohen's deposition as it had previously claimed it was able to do. *Id*.; See, ECF No. 61, ¶ 4. ELCO asked DMF how it would like to proceed. Scott Decl., Ex. 6.

On January 5, 2021, ELCO received documentation regarding Mr. Cohen's recovery, stating that his doctor anticipated he would be able to resume normal activities on January 18, 2021. Decl., ¶ 8, Ex. 7. ELCO promptly provided that documentation to DMF and again requested that DMF agree to continue Mr. Cohen's deposition to January 21, 2021. *Id*. Ex. 8. DMF refused to continue Mr. Cohen's deposition unless ELCO agreed that Mr. Cohen would be prohibited from testifying at trial if he was medically unable to appear on the continued date. *Id*. Ex. 9.

Given DMF's intransigence, ELCO provided notice of this *ex parte* application. *Id*. Ex. 10. Only after ELCO advised DMF that it would move *ex parte* to set the deposition without precondition did DMF agree to "talk" about the situation. *Id*. Ex. 10. Given the existing order requires Mr. Cohen to appear tomorrow, ELCO is filing this application in an abundance of caution. Should the parties reach an agreement, ELCO will withdraw its application. Scott Decl. ¶ 13.

## III. ARGUMENT

The Court may modify a scheduling order on a showing of good cause. Fed. R. Civ. P., Rule 16(b)(4). The Court may grant relief on an *ex parte* basis where the moving party's cause will be irreparably harmed if the request is heard according to a regularly noticed motion and the moving party is without fault in creating the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, the current schedule requires Mr. Cohen to appear for deposition on January 7, 2021 and for DMF to file any motions on January 21, 2021. Good cause exists to modify the schedule because Mr. Cohen has been diagnosed with COVID-19 and has been advised to rest and recovery through January 18, 2021. A copy of Mr. Cohen's positive COVID-19 test and a doctor's note stating that Mr. Cohen is directed to rest and recover until at least January 18, 2021 are attached as Exhibits 1 and 2, respectively.

Obviously, ELCO could not have foreseen Mr. Cohen's illness when it agreed to the January 7, 2021 deposition date, nor could it seek relief on a fully noticed motion. Thus, *ex parte* relief is appropriate, and the Court should grant ELCO's application, rescheduling Mr. Cohen's deposition for January 21, 2021,[2] and extend DMF's motion deadline to February 4, 2021.

During the meet and confer process, DMF sought to condition any continuance on ELCO's agreement that, if Mr. Cohen cannot appear, he will be excluded from trial. ELCO cannot agree to this severe penalty because it cannot control whether Mr. Cohen recovers in the currently anticipated timeline, or be subjected to trial without an expert (the functional outcome of excluding Mr. Cohen). DMF notes that the current situation is largely one of its own making. DMF had the opportunity to depose Mr. Cohen in September 2020, but chose to

---

[2] The January 21, 2021 date will allow Mr. Cohen to be prepared for testimony between January 18 and January 21, 2021.

end the deposition in what the Court called "a tactical decision not to proceed with the deposition at issue when it could have done so." ECF No. 52. ELCO should not be penalized because DMF chose not to depose Mr. Cohen when he was available, and the COVID pandemic—including Mr. Cohen's current diagnosis and recovery—has interfered with subsequent scheduling.

## IV.    CONCLUSION

For the foregoing reasons, ELCO respectfully requests that the Court continue Mr. Cohen's deposition to January 21, 2021 and extend DMF's motion deadline to February 4, 2021.

DATED:  January 6, 2021

BUCHALTER
A Professional Corporation

By: */s/ Roger L. Scott*

BUCHALTER
A Professional Corporation
J. Rick Taché
Kari L. Barnes
Roger L. Scott

Attorneys for Defendants
AMP Plus, Inc. doing business as ELCO Lighting and ELCO Lighting, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 6, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-3.2.1. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

  /s/ Roger L. Scott
Roger L. Scott