1
2
3
4

Ben M. Davidson, Esq., Bar No. 181,464
*ben@dlgla.com*
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Telephone: (818) 918-4622

5
6
7
8

David W. Long, Esq. (admitted *pro hac vice*)
*longdw@ergoniq.com*
ERGONIQ LLC
8200 Greensboro Drive, Suite 900
McLean, Virginia 22102
Telephone: (202) 847-6853

9

Attorneys for Plaintiff
DMF, Inc.

**JS-6**

10
11

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19

| DMF, Inc., a California corporation, | Case No.  2:19-CV-04519 CAS (GJSx) |
|---|---|
| Plaintiff, | |
| vs. | **PERMANENT INJUNCTION AND CONSENT JUDGMENT** |
| AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation, | Ctrm: 350 W. First Street, Room 8D |
| Defendant. | Hon. Christina A. Snyder |

20
21
22
23
24
25
26
27
28

1

WHEREAS before the Court is Plaintiff, DMF, Inc.'s ("DMF"), operative Corrected First Amended Complaint for Patent Infringement (Dkt 18) asserting infringement by certain products sold by Defendant AMP Plus, Inc. d/b/a ELCO Lighting and d/b/a ELCO Lighting Inc. ("ELCO") of U.S. Design Patent No. D847414 ("the D'414 Patent" at Dkt 18-1) entitled "Unified Casting Lighting Module" and U.S. Design Patent No. D847415 ("the D'415 Patent") entitled "Unified Casting Lighting Module" (collectively "DMF's Design Patents-In-Suit").

WHEREAS the accused ELCO products include different versions of ELCO's ELL LED Modules sold for residential use (*e.g.*, model numbers ELL08xx and ELL11xx, hereinafter the "Residential ELL Modules") and commercial use (*e.g.*, model numbers ELL21xx, hereinafter the "Commercial ELL Modules").

WHEREAS before the Court also is ELCO's Answer to Amended Complaint (Dkt 22) that denied infringement and contained alleged fourteen affirmative defenses:

- First Affirmative Defense: Failure to state a claim upon which relief can be granted;
- Second Affirmative Defense: Doctrines of waiver, equitable estoppel and/or acquiescence;
- Third Affirmative Defense: Unclean hands;
- Fourth Affirmative Defense: No infringement of a valid or enforceable claim of DMF's Design Patents-In-Suit;
- Fifth Affirmative Defense: Patent misuse;
- Sixth Affirmative Defense: Deny entitlement to relief;
- Seventh Affirmative Defense: No infringement or wrongdoing by ELCO;
- Eighth Affirmative Defense: Failure to mitigate damages;

2

- Ninth Affirmative Defense: Failure to comply with the requirements of patent laws under 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 102, 103, 112 and 171;

- Tenth Affirmative Defense: Proceedings during prosecution of the DMF Design Patents-In-Suit preclude and estop DMF from asserting that ELCO infringes;

- Eleventh Affirmative Defense: No entitlement to damages due to failing to comply with notice requirements of 35 U.S.C. § 287;

- Twelfth Affirmative Defense: DMF Design Patents-In-Suit are so restricted in scope such that Defendants have not infringed and do not infringe;

- Thirteenth Affirmative Defense: DMF cannot meet any of the requirements of an injunction; and

- Fourteenth Affirmative Defense: ELCO reserves the right to assert additional affirmative defenses upon further investigation and discovery.

WHEREAS the Parties have expended significant time and resources so far to proceed in this case through completion of all fact and expert discovery except for the deposition of ELCO's designated expert who ELCO proffered as a witness to provide expert testimony on infringement and invalidity.  By Court Order (Dkt 66), that expert deposition was scheduled for January 21, 2021 and the deadline for DMF to file dispositive motions is February 4, 2021.  By Court Order (Dkt. 62), the parties have pretrial submissions due in the coming weeks based on a Pretrial Conference scheduled for March 8, 2021 and trial scheduled for April 6, 2021.

WHEREAS, under a confidential Settlement Agreement executed and filed under seal with this Court on January 20, 2021, the parties have resolved their disputes in this Action, and the parties agreed to the permanent injunction herein to be entered immediately with terms herein that the Parties agree provide sufficient notice to ELCO and those acting in concert with ELCO of the enjoined activity.

NOW THEREFORE, upon agreement and consent of both Parties, the Court finds that there is good and sufficient cause to enter this Permanent Injunction

3

Order and Consent Judgment, and **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

**FINDINGS**

1.     The Parties to this action are Plaintiff DMF, Inc. ("DMF") and Defendant AMP Plus, Inc. d/b/a ELCO Lighting and d/b/a ELCO Lighting Inc. ("ELCO") (hereinafter collectively "the Parties") and have entered a confidential Settlement Agreement filed in this Action under seal.

2.     This Court has jurisdiction and venue of the subject matter of this Action and the Parties and their respective agents under Title 35 of the United States Code and Title 15 §§ 1115 and 1125 of the United States Code, 28 U.S.C. §§ 1331 and 1338(a), and 29 U.S.C. § 1367.

3.     DMF's U.S. Design Patent No. D847414 ("the D'414 Patent") entitled "Unified Casting Lighting Module" (Dkt. 18-1, EXHIBIT A – PAGE 25 to PAGE 32) claims the ornamental design for a lighting module as shown and described in the D'414 Patent, including Figure 1 ("an exploded right rear perspective view of the new design for a lighting module, the left rear perspective view being a reverse mirror image thereof") and Figure 2 ("a front left perspective view of the new design for a lighting module, the front perspective view being a reverse mirror image thereof") where "portions and features of the lighting module not shown in the drawings form no part of the claimed design" and "[t]he broken lines in the drawings for no part of the claimed design" (D'414 Patent at Description):

[Proposed] Permanent Injunction and Consent Judgment



FIG. 2

FIG. 1

D'414 Patent Figure 1

D'414 Patent Figure 2

4.      DMF's U.S. Design Patent No. D847415 ("the D'415 Patent")
entitled "Unified Casting Lighting Module" (Dkt 18-1, EXHIBIT A – PAGE 34
to PAGE 41) claims the ornamental design for a lighting module as shown and
described in the D'415 Patent, including Figure 1 ("a front right perspective view
of the new design for a unified casting light module, the front left perspective
being a reverse mirror image thereof") and Figure 2 ("a front view of the new
design for a unified casting light module") where "[t]he portions or features of
the unified casting light module not shown in the drawings form no part of the

5

claimed design" and "[t]he broken lines in the drawings form no part of the claimed design" (D'415 Patent at Description):



FIG. 1

FIG. 2

**D'415 Patent Figure 1**                    **D'415 Patent Figure 2**

5.      Below are what the Parties agree to be true and correct images of the ornamental design of ELCO's **Version 1** Residential ELL Module (*e.g.*, Model Nos. 08xx or 11xx, including ELL0827, ELL0830, ELL0835, ELL0840, ELL08SD, ELL1127, ELL1130, ELL1135, ELL1140 and ELL11SD) and ELCO's Version 1 Commercial ELL Module (*e.g.*, Model Nos. ELL21xx, including ELL2127D, ELL2130D, ELL2135D, ELL2140D and ELL21SDD) that are subject to the injunction herein:

1
2
3
4
5
6
7
8



9      6.      Below are what the Parties agree to be true and correct images of the
10   ornamental design of ELCO's **Version 2** Residential ELL Module (*e.g.*, Model
11   Nos. 08xx or 11xx, including ELL0827, ELL0830, ELL0835, ELL0840,
12   ELL08SD, ELL1127, ELL1130, ELL1135, ELL1140 and ELL11SD) that is
13   subject to the injunction herein:

14
15
16

 

17
18
19
20      7.      Below is what the Parties agree to be a true and correct image of the
21   ornamental design of ELCO's **Version 3** Residential ELL Module (*e.g.*, Model
22   Nos. 08xx or 11xx, including ELL0827, ELL0830, ELL0835, ELL0840,
23   ELL08SD, ELL1127, ELL1130, ELL1135, ELL1140 and ELL11SD) and
24   ELCO's Version 3 Commercial ELL Module (*e.g.*, Model Nos. ELL21xx,
25   including ELL2127D, ELL2130D, ELL2135D, ELL2140D and ELL21SDD) that
26   are subject to the injunction herein:
27
28

[Proposed] Permanent Injunction and Consent Judgment

1
2
3
4
5
6
7
8
9

8.      Below is what the Parties agree to be a true and correct image of the

10

ornamental design of ELCO's **Version 4 Residential** ELL Module (*e.g.*, Model

11

Nos. 08xx-4 or 11xx-4, including ELL0827-4, ELL0830-4, ELL0835-4,

12

ELL0840-4, ELL08SD-4, ELL1127-4, ELL1130-4, ELL1135-4, ELL1140-4 and

13

ELL11SD-4) that is subject to the injunction herein:

14



15
16
17
18
19
20
21
22
23

9.      Below is what the Parties agree to be a true and correct image of the

24

ornamental design of ELCO's **Version 4 Commercial** ELL Module (*e.g.*, Model

25

Nos. ELL21xx-4, including ELL2127D-4, ELL2130D-4, ELL2135D-4,

26

ELL2140D-4 and ELL21SDD-4) that is subject to the injunction herein:

27
28

[Proposed] Permanent Injunction and Consent Judgment



10.     As used herein, the enjoined "ELCO ELL Products" are all of the Residential and Commercial Versions 1, 2, 3 and 4 ELL Modules described in paragraphs 5 to 9 immediately above, which the Parties agree provide sufficient notice to ELCO and others of the products subject to the permanent injunction order below.

## PERMANENT INJUNCTION ORDER

**IT IS HEREBY ORDERED** that, for as long as either of the DMF's design patents D'414 and D'415 is valid and enforceable and effective immediately upon the date of this Order, ELCO and ELCO's owners, employees, officers, directors, sales representatives, and all other persons in active concert or participation with them, are permanently enjoined from:

(a) making, using, offering to sell or selling in the United States or importing into the United States all of the Residential and Commercial Versions 1, 2, 3, and 4 ELL Module products described in paragraphs 5 to 9 immediately above or products that are no more than colorably different from any such product, which includes publication or distribution of images of the ornamental design of such products by website, marketing materials, or otherwise;

[Proposed] Permanent Injunction and Consent Judgment

(b) inducing anyone to perform any of the activities identified in subsection (a) immediately above; or

(c) making, offering to sell or selling in the United States or importing into the United States, or supplying to or from the United States a component comprising the black casting of any of the Residential and Commercial Versions 1, 2, 3, and 4 ELL Module products described in paragraphs 5 to 9 immediately above or components that are no more than colorably different from such black casting.

In any proceeding to enforce this permanent injunction, the validity and enforceability of DMF's design patents D'414 and D'415 shall not be challenged and the ornamental design of each of the Residential and Commercial Versions 1, 2, and 3 ELL Module products described in paragraphs 5 to 7 immediately above shall be considered to have been found in this action as infringing both design patents D'414 and D'415 for the purpose of applying principles of claim and issue preclusion (*res judicata*).

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for purposes of enforcing the Settlement Agreement, the permanent injunction and judgment entered herein.

**IT IS SO ORDERED**.

Dated this 21st day of January, 2021

Hon. Christina A. Snyder
United States District Court Judge

[Proposed] Permanent Injunction and Consent Judgment

**APPROVED AS TO FORM AND CONTENT:**

Dated: January 20, 2021                    By:  /s/Ben M. Davidson
                                                Ben M. Davidson
                                                DAVIDSON LAW GROUP ALC

                                                David W. Long
                                                ERGONIQ LLC
                                                *Attorneys for Plaintiff, DMF, Inc.*

                                           By:  /s/ J. Rick Tache
                                                J. Rick Taché
                                                BUCHALTER
                                                A Professional Corporation

                                                *Attorneys for Defendant*
                                                *AMP Plus, Inc., d/b/a ELCO Lighting*
                                                *and d/b/a ELCO Lighting Inc.*

11

[Proposed] Permanent Injunction and Consent Judgment

## **CERTIFICATION PURSUANT TO LOCAL RULE 5-4.3.4(A)(2)(i)**

Pursuant to Section 2(f)(4) of the electronic case filing administrative policies and procedures manual, I hereby certify that the content of this document is acceptable to J. Rick Taché, counsel for ELCO, and I have obtained his authorization to affix his electronic signature to this document.


Dated: January 20, 2021          By:  /s/ Ben M. Davidson
                                      Ben M. Davidson
                                      DAVIDSON LAW GROUP ALC
                                      *Attorneys for Plaintiff, DMF, Inc.*

[Proposed] Permanent Injunction and Consent Judgment