UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:19-cv-04519-CAS-GJSx                           Date: January 27, 2023

Title   DMF Inc v. AMP Plus, Inc. et al

Present: The Honorable:   ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order re Motion on ELCO's Alleged Modified Products (ECF No. 139)**

This Magistrate Judge has been designated by the parties as a Neutral tasked with resolving disputes that may arise under their January 20, 2021 Settlement Agreement and the August 2021 Amendment thereto. (ECF No. 118.)  The present order addresses Plaintiff DMF's Motion on ELCO's Alleged Modified Products (ECF No. 139).  The Motion has been fully briefed, and a hearing was held on January 25, 2022.  Under the terms of the Amendment, the Neutral need only state the determination on an issue in writing or by the telephone and need not provide an explanation for a determination.  Nevertheless, as set out below, the Court states its determination on the Motion and provides a brief statement supporting its decision.

The Court concludes that ELCO's alleged modified products shall be treated as Version 1 to 3 Products under the parties' Settlement Agreement. (*See* ECF No. 87-3 at pp. 24 – 25.)  Both Plaintiff DMF and Defendant ELCO agree that the test for determining whether a lighting module should be found to be a "Version 1 to 3" Product is set out in paragraph 1 of the Settlement Agreement (ECF No. 87-3 at p. 25).  That paragraph provides that lighting modules meet the requirements for Version 1 to 3 Products if they have "housings or castings" as shown in Exhibit A to the Settlement Agreement.  Paragraphs 5, 6, and 7 of Exhibit A show "true and correct images of the ornamental design" of the housings used in ELCO's Version 1, 2, and 3 Products.  When the ornamental design of the housings shown in these paragraphs in Exhibit A is compared to the housings used in ELCO's modified products, it is seen that they are the very same housings.  The specification sheets provided for the ELCO modified products also reflect that the housings used with the modified products are the same housings as are used in the Version 1 to 3 Products.  (*Compare* ECF 142-1 at pp. 6, 8 *with* ECF 87-3 at pp. 42, 43) (referencing housings ELL2140D and ELL2130D as being used in the ELCO modified products and in the ELCO Version 1 and 3 Products)). This was confirmed at the hearing. Because the ornamental design of the housings used in ELCO's modified products is the same as that of the housings shown in Exhibit A for the Version

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:19-cv-04519-CAS-GJSx                                                   Date: January 27, 2023

Title   DMF Inc v. AMP Plus, Inc. et al

1 to 3 Products, the modified products meet the Settlement Agreement's test for Version 1 to 3 Products and must be treated as such for purposes of the Settlement Agreement (including its audit provisions).

ELCO's primary argument against this conclusion is that the ELCO modified products have plastic "trim" attached to their housings and, therefore, the ornamental designs of the lighting modules for the modified products are different than the designs of the lighting modules for the Version 1 to 3 Products. A flaw in ELCO's argument is that it fails to account for the fact that the test in paragraph 1 of the Settlement Agreement focuses on "housings or castings" used in a lighting module and not the entire module – which may include other elements beyond the housing such as trim or wiring. Even though ELCO may have changed the lighting modules of its modified products by adding plastic trim, ELCO has not changed the housings or castings in the modified products from those used in the Version 1 to 3 Products. In other words, adding trim may change the overall appearance of the lighting module, but it does not change the ornamental design of the housing that is used in the module. As a result, the ELCO modified products must be treated as Versions 1 to 3 Products under the Settlement Agreement.

A number of ELCO's other arguments depend on its contention that design patent infringement principles should be used to determine if the design of its modified products differs from the Version 1 to 3 Products. However, the issue in DMF's Motion arises from the Settlement Agreement and is one of contract interpretation, rather than patent infringement. ELCO cites *Panduit Corp. v. HellermannTyton Corp.*, 451 F.3d 819 (Fed. Cir. 2006), for the proposition that patent infringement principles should be applied in judging ELCO's modified products under the Settlement Agreement. But *Panduit* involved a settlement agreement where one of the covered product definitions in the agreement expressly incorporated patent infringement as the standard to apply. *See Panduit*, 451 F.3d at 823. That is not the case here. Although Exhibit A refers to "ornamental design," the DMF/ELCO Settlement Agreement and the facts underling the present issue do not require a patent infringement analysis in order to conclude that the housings used in the ELCO modified products are the same – and thus have the same ornamental design – as those shown in Exhibit A for the Version 1 to 3 Products. Accordingly, ELCO's arguments are not persuasive.

IT IS SO ORDERED.

:

**Initials of Preparer**     ib